25CA0959 Kulkarni v ICAO 09-18-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0959
Industrial Claim Appeals Office of the State of Colorado
DD No. 27802-2024

---

Chitragupt Kulkarni,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE YUN
Freyre and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 18, 2025

---

Chitragupt Kulkarni, Pro Se

No Appearance for Respondent

¶ 1     In this unemployment compensation benefits case, claimant Chitragupt Kulkarni seeks review of a final order from the Industrial Claim Appeals Office (the Panel). The Panel affirmed a hearing officer's decision denying Kulkarni's request to backdate the initial effective date of his benefits claim. We likewise affirm the Panel's order.

## I.     Background

¶ 2     Kulkarni separated from his employer on or about June 18, 2024. Initially, he was unaware that he could file for unemployment compensation benefits. On September 1, 2024, he filed his application for benefits.

¶ 3     In late September 2024, Kulkarni requested that his claim be backdated to June 16, 2024. *See* Dep't of Lab. & Emp. Reg. 2.1.10.3, 7 Code Colo. Regs. 1101-2 (stating that a claim may be backdated under certain circumstances). However, a deputy from the Colorado Division of Unemployment Insurance (the Division) denied his request, finding that Kulkarni had not shown that he "exercised no control over the circumstance of the untimely filing." As a result, the deputy ruled that the effective date for Kulkarni's

1

claim remained September 1, rendering him ineligible for benefits prior to that date.

¶ 4     Kulkarni subsequently requested a hearing on the deputy's decision. At the hearing, the hearing officer inquired why Kulkarni did not file his claim immediately after his job separation on June 18. Kulkarni responded that, as a recent immigrant, he was unfamiliar with the unemployment system and unaware of his rights and benefits. He also testified that he was in a "state of shock and emotional distress" because it was "an involuntary separation" that he was "not prepared for." Additionally, he no longer had access to the employer-issued laptop. Although he could access the internet on his phone, the connection was "spotty." When asked about using a public library, Kulkarni testified that he "did not even leave the house" due to "extreme shock and emotional distress." He also noted that he had no car until the last week of August. When asked how he became aware of the option to file a claim, Kulkarni testified that he became aware of it only after speaking with a friend.

¶ 5     The hearing officer upheld the deputy's decision and denied Kulkarni's request to backdate his claim. Kulkarni appealed to the

Panel, contending that the hearing officer did not consider his status as a recent immigrant unfamiliar with the unemployment benefits system. The Panel affirmed the hearing officer's decision.

## II. Standard of Review

¶ 6 We may set aside the Panel's decision only if (1) the Panel acted without or in excess of its authority; (2) the decision was obtained through fraud; (3) the findings of fact do not support the decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(6), C.R.S. 2025.

## III. Analysis

¶ 7 An individual may request that the Division backdate a claim so that previous weeks of unemployment benefits may be received. However, the Division may backdate the first week of a claim "only if the individual establishes to the satisfaction of the Division that he or she exercised no control over the untimely filing." Dep't of Lab. & Emp. Reg. 2.1.10.3, 7 Code Colo. Regs. 1101-2. The regulation further clarifies that "[b]eing unaware of the need to timely file is not considered a factor outside the individual's control." *Id.*

¶ 8    In his appeal to this court, Kulkarni reiterates the same arguments he presented to the Panel.  He claims that he had no control over the circumstances of his late filing because he was completely unaware of the unemployment system.  He also contends that what a "reasonably prudent individual born and raised in this country" would do differs from what someone born and raised elsewhere would do.  Kulkarni cites no legal authority for this proposition.  *See Woodridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 44 (noting that we do not address a bald legal proposition presented without argument or legal authority).

¶ 9    Like the hearing officer and the Panel, we conclude that Kulkarni "exercised control over the circumstances of his failure to file a claim for benefits" and that he "did not act as a reasonably prudent individual would have under the same or similar circumstances."  As the Panel explained:

> There were no attempts made by the claimant in June 2024, after his separation, through the beginning of September 2024 to contact the Division to make inquiries about his rights. The claimant had access to a phone, and internet between his separation in June 2024 and September 1, 2024.  His failure to file for unemployment benefits during that period was within his control.  The applicable section of

the law provides that being unaware of the
need to timely file shall not be considered a
factor outside [individual]'s control.

Because the Panel's affirmance of the hearing officer's decision is supported by substantial evidence in the record and the plain language of the applicable regulations, we likewise affirm the Panel's decision.

## IV. Disposition

¶ 10 The Panel's order is affirmed.

JUDGE FREYRE and JUDGE PAWAR concur.